**NOT FOR PUBLICATION**

RECEIVED

JUL 17 2013

AT 8:30_____M
WILLIAM T. WALSH
    CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN DENUTO,<br><br>        Plaintiff,<br><br>v.<br><br>SAYREVILLE BOARD OF ED., et al.,<br><br>        Defendant. | Civil Action No. 10-1211 (PGS)<br><br>MEMORANDUM |

**SHERIDAN, U.S.D.J.**

    This matter comes before the Court on a motion to remand by Plaintiff John Denuto (ECF No. 57). Plaintiff initially filed a Complaint in Superior Court of New Jersey, Law Division, Middlesex County, against the Defendants. Defendants Sayreville Board of Education, Dr. Frank Alfano, Superintendent and James Brown, Principal removed the action to United States District Court for the District of New Jersey due to the existence of federal questions. The Complaint also named the following individuals as Defendants: Gina Ahearn, Maureen Anderson, Glen Anderson, Laurie Siriday, Gary Siriday, Peggy Yanuzzelli, and Jimmy Yanuzzelli. With the exception of Peggy Yanuzzelli and Jimmy Yanuzzelli (the "Yanuzzelli Defendants"), Plaintiff has settled all claims with all other Defendants. As a result, the only remaining cause of action is the common law defamation claim against the Yanuzzelli Defendants.

    Plaintiff, in his motion to remand to the Superior Court of New Jersey, asserts that the Court should decline to extend supplemental jurisdiction pursuant to its discretion under 28

U.S.C. § 1367. After consideration of the parties' written submissions, and without holding oral argument pursuant to Local Civil Rule 78.1, the Court grants Plaintiff's motion to remand for the reasons stated below.

Generally, Federal courts "shall have supplemental jurisdiction" over claims that are "part of the same case or controversy" as a claim over which the court exercises original jurisdiction. 28 U.S.C.A. § 1367(a). In the instant case, both parties agree that this Court may maintain supplemental jurisdiction to hear the defamation cause of actions; however, a district court may decline to exercise supplemental jurisdiction if all claims over which the court has original jurisdiction are dismissed. 28 U.S.C.A. § 1367(C)(3).

In determining whether to decline jurisdiction and remand the matter back to state court, a district court should generally consider principles of judicial economy, convenience, and fairness to the litigants. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277 (3d Cir. 1993). According to the statute and Third Circuit case law, once the district court loses original jurisdiction, it is a discretionary decision regarding whether supplemental jurisdiction over a state law claim should be declined pursuant to §1367(c)(3). *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1508 (3d Cir. 1996). Thus, depending on a balancing of the principles of judicial economy, convenience, and fairness to the litigants, the Court in its discretion may elect either to extend supplemental jurisdiction or remand the complaint to the Superior Court of New Jersey.

Plaintiff claims a remand to the Superior Court satisfies the above-listed requirements, while the Yanuzzelli Defendants disagree. The Yanuzzelli Defendants claim the four-year gap between the initial incidents generating the defamation claim and the current date, combined

with a lack of discovery, show that Plaintiff is merely "fishing" for time. The Plaintiff confirms the need for additional discovery in a recent letter:

> "The Facts are clear that the parties have engaged in written discovery but no depositions have taken place. The parties are attempting to schedule depositions throughout the summer. If this matter is remanded to state court then the parties will be governed by any scheduling order issued by the Superior Court." (ECF No. 60).

In this Court's view, both parties have failed to take advantage of the federal system where case management is an important factor. Here, the magistrate judge closely monitored discovery, but despite same it was never fully undertaken. Moreover, defendants have not moved to quash such depositions based on the fact that discovery is closed. Consequently, it does not appear that remanding the case to the Superior Court will cause any significant delay or other impediment where the parties have not completed their preparation for trial. Moreover, the Superior Court is fully familiar with defamation cases and remand will not be a burden on either party. In addition, all witnesses and parties reside in Middlesex County, which is more slightly convenient than traveling to Trenton. Since this type of case is ordinarily tried in Superior Court, the Court concludes that the remand satisfies the principles of judicial economy, convenience, and fairness to the litigants, and therefore the motion to remand to the Superior Court is granted.

ORDER

This matter having come before the Court on a motion to remand by Plaintiff John Denuto (ECF No. 57); and for the reasons set forth in the above Memorandum;

IT IS on this 17th day of July, 2013;

ORDERED that the matter is remanded to the Superior Court of New Jersey, Middlesex County.

_____
PETER G. SHERIDAN, U.S.D.J.